PER CURIAM.
James D. Ashley seeks review of an order denying his petition for writ of habeas corpus or alternative writ of mandamus, in which he complained that the Department of Corrections had improperly structured his multiple sentences. Appellee now moves for entry of an order relinquishing jurisdiction and remanding this case to the trial court for further consideration in light of Orosz v. Singletary, 655 So.2d 1112 (Fla.1995). In this motion, appellee shows that among the issues presented in the petition below, Ashley appeared to argue that the Department had improperly cancelled early release credits applied against certain of his sentences. In denying relief on this claim, the trial court did not address the implications of Orosz, which was decided after the filing of Ashley’s petition, and therefore was not expressly relied upon therein. Nonetheless, appellee now represents that some of Ashley’s sentences are affected by the Orosz decision and must be restructured. Accordingly, appellee requests that this court relinquish jurisdiction to permit the Department to place into the record information arising out of the application of Orosz to Ashley’s sentences, and to permit the trial court to rule on the issues accordingly.
In view of the representations made in the motion to relinquish jurisdiction, we deem it most appropriate to reverse and remand the trial court’s order for reconsideration in light of Orosz. In this respect, we decline to address the issue of whether the trial court properly concluded that the other grounds for relief set forth in Ashley’s petition were without merit, in order to allow the comprehensive reconsideration of Ashley’s claims in view of any sentence restructuring mandated by the Orosz decision.
REVERSED and REMANDED for further proceedings.
JOANOS, MICKLE and VAN NORTWICK, JJ., concur.